**XIU QIN LIN a.k.a. Xiu Qing Lin, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 04–2009–ag.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

1. Pursuant to Federal Rule of Appellate Pro-        cedure 43(c)(2), Attorney General Michael B.

Vilia B. Hayes, Beatrice Hamza, Bassey, Hughes Hubbard & Reed LLP, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney, Aileen Bell Hughes, Assistant United States Attorney, Atlanta, GA, for Respondent.

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner, Xiu Qin Lin, a native and citizen of China, seeks review of a March 26, 2004 order of the BIA affirming the August 2, 2002 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Qin Lin,* No. A 77 322 260 (B.I.A. Mar. 26, 2004), *aff'g* No. A 77 322 260 (Immig. Ct. N.Y. City Aug. 2, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Substantial evidence supports the IJ's adverse credibility determination. The agency appropriately relied on the inconsistency between Lin's statement (during her airport interview) that she came to the United States to get a better job and her testimony (at the hearing) that she came to the United States because she feared arrest for practicing Falun Gong. That inconsistency went to the heart of Lin's claim where it called into question whether she feared persecution in China at all. *See Zhou Yun Zhang*, 386 F.3d at 74. Lin explained that she did not find out that the practice of Falun Gong could be a basis for asylum until she was detained in the United States and that she was unsure whether Falun Gong was legal in the United States. A reasonable factfinder would not be compelled to credit these explanations. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Nor did the agency err in rejecting these explanations as implausible: why flee to a country where you believed that the persecution you seek to escape might continue? *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007).

Additionally, contrary to Lin's contention, nothing in the record suggests that the record of the airport interview was unreliable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Although Lin raises questions in her brief about the translation of the interview, she testified that the interview was conducted in Fuzhou, her best language, and indicated that she understood all of the questions she was asked during the interview. Lin's argument that the immigration officer did not ask questions that would elicit the details of her asylum claim are also unavailing where the immigration officer asked why she came to the United States, whether she had any fear about being returned to China, and whether she would be harmed if returned. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397

n. 6 (2d Cir.2005) (holding that the "mere recitation that [the petitioner] was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview).

Additionally, substantial evidence supports the IJ's finding that Lin's testimony was implausible. For example, Lin claimed that she and others practiced Falun Gong in a public park early in the morning because they thought the police would still be asleep.

We decline to consider Lin's other challenges to the IJ's findings supporting the adverse credibility determination, because even if they were in error, remand would be futile as it could be confidently predicted that the agency would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 339 (2d Cir.2006). Ultimately, substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7. The IJ therefore properly denied asylum, withholding of removal and CAT relief because the only evidence that Lin would be persecuted or tortured depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).